**Benjamin COHEN, Plaintiff-Appellant,**

v.

**CENTRAL NATIONAL BANK OF JACK-SONVILLE, etc., Defendant-Appellee.**

**No. 28918.**

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1970.

Natalie Baskin, Milton E. Grusmark, Miami Beach, Fla., for plaintiff-appellant.

James M. McLean, Rogers, Towers, Bailey, Jones & Gay, J. Edwin Gay, Jacksonville, Fla., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal involves the notice which a creditor under Florida law must give a pledgor before selling pledged collateral.[1] It appears that the plaintiff, Benjamin Cohen, borrowed $100,000 from the Central National Bank of Jacksonville, pledging certain shares of stock as security for this loan. In 1966 the Bank demanded repayment of the loan. Cohen did not repay the loan as requested. The Bank then notified Cohen by registered mail as then authorized by a Florida statute[2] that the stock would be sold. The stock was apparently sold 10 days after notice was mailed, and Cohen instituted this proceeding against the Bank for a declaratory judgment that the sale was invalid. Cohen's argument was that under the Florida law applicable in 1966 a sale was not valid if it occurred less than 13 days after the notice of sale was mailed to the pledgor. The court below rejected Cohen's argument, holding that the sale was valid even though it occurred less than 13 days after the notice was mailed. We agree.

Section 685.02[3] of the Florida statutes, F.S.A., provided in part:

"SALE OF COLLATERAL SECURITIES. In all cases in which any stock in a corporation, contract, obligations, security or evidence of indebtedness, shall be pledged or deposited as security for the payment of any indebtedness, the person or corporation to whom the same may be pledged, hypothecated or transferred, and their assigns, may sell the same in such manner and on such terms as may be agreed upon in writing by the parties at the time of making the pledge, or thereafter, and such sale shall vest in the purchaser or purchasers the title

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

2. Fla.Stat.Ann. § 685.02. See note 3 infra.

3. Fla.Stat.Ann. § 685.02 was repealed in 1965 effective January 1, 1967. Section 685.02 was therefore applicable to the sale in question here, which occurred in 1966.

in and to said pledges, collaterals or securities; provided ten days' notice of said sale be given to the pledgor or his legal representative by personal delivery or by registered mail addressed to the pledgor at the address given by him to the pledgee for that purpose, such period of notice to begin to run from the date of such personal delivery or from the date of posting if such notice is given by registered mail. * * * "

Cohen argues, however, that Rule 1.6 (e), Fla.R.Civ.P. (1954), added three days to the 10-day requirement of § 685.-02 if the registered mail procedure authorized in that section was used. Rule 1.6(e) [4] provided:

"(e) *Additional Time After Service by Mail.* Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

We find Cohen's argument without merit. Rule A,[5] Fla.R.Civ.P. (1954) provided:

"These rules are applicable to all suits of a civil nature and all special statutory proceedings in the Circuit Courts, County Judge's Courts, County Courts, and Civil Courts of Record, whether recognizable as cases at law or in equity, with the exception that the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes providing for such proceedings, unless these rules shall specifically provide to the contrary. These rules shall be construed to secure the just, speedy and inexpensive determination of every action."

We think it obvious from the above that Rule 1.6 was designed to apply to parties to a judicial proceeding. We cannot see how it could have any application to the sale of pledged collateral, which is a nonjudicial proceeding. The parties have stipulated that Cohen received the 10-day notice provided in § 685.02. This was all that was required under the circumstances.

The decision of the district court holding the sale valid is affirmed.

---

4. Rule 1.6(c) was renumbered in 1967. The substance of Rule 1.6(e) is now found in Rule 1.090(e), Fla.R.Civ.P. (1967), 30 F.S.A.

5. Rule A was revised in 1967. The substance of Rule A now appears in Rule 1.010, Fla.R.Civ.P. (1967).